### FITZ GIBBON *v.* SMITH *et al.*

*(Supreme Court, General Term, First Department.* November 30, 1891.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—CONTEMPT.

A judgment debtor, who draws checks in payment of debts before service on him of an injunction in proceedings supplementary to execution, cannot be punished, as for a contempt, in failing to stop payment of the checks after service of the order.

Appeal from special term, New York county. Affirmed.

Action by Edmund Fitz Gibbon against Seymour G. Smith and another. From an order denying a motion to punish defendant Seymour G. Smith for alleged disobedience of an injunction in proceedings supplementary to execution plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARRETT and INGRAHAM, JJ.

*F. J. Worcester,* for appellant. *William H. Kelly, (Michael J. Kelly,* of counsel,) for respondent.

BARRETT, J. Mr. Smith did not disobey the injunction order. What he did was done some days before the order was served upon him. After the service he simply remained passive. Unless, therefore, upon such service, he was bound to go to his bank and stop payment of checks previously given in good faith, and for a valuable consideration, he has been guilty of no contempt. We think the order imposed no such obligation upon him. The checks, it seems, were so given in blank, but the state of the pecuniary relations between the defendant and his brother fully justified the latter in filling in amounts sufficient to withdraw the entire deposit, save some $10.50. The delivery of these checks thus in blank was intended to operate as a payment by the defendant of all the money in the bank belonging or due to his brother. So far, therefore, from the defendant's failure to stop these checks amounting to a contempt, we think that such stoppage, or, indeed, any attempt to cancel the checks, would have been a fraud upon his part. The brother's act in withdrawing the money was in no sense that of the defendant's agent. He acted entirely on his own account, and withdrew what had been lawfully transferred to him in his own right prior to the service of the injunction. The order appealed from should therefore be affirmed, with $10 costs and disbursements. All concur.